## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

LURUBE DEVELOPERS LLC,
RAYMOND JOHNSON,
THOMAS CLERICO and CONSTANCE CLERICO,
      Plaintiffs,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY;
SURETY TITLE COMPANY, LLC d/b/a SURETY ABSTRACT SERVICES, LLC;
JOSEPH PURUL; LARRY LICHTMAN; MICHAEL GRIMES;
MELISSA PROROCK; MELISSA STURGIS;
KENYATTA GRANT a/k/a NEW PHILLY REAL ESTATE 215, LLC;
And JOHN DOES 1-10,
      Defendants.

Civil Action No.: _____
JURY TRIAL DEMANDED

## COMPLAINT

### I. INTRODUCTORY STATEMENT

Plaintiffs LuRube Developers LLC, Raymond Johnson (Member), and Thomas and Constance Clerico (mortgage holders), by and through their counsel, bring this civil action against the above-named Defendants for their coordinated scheme of deed theft, mortgage fraud, identity theft, and title insurance misconduct involving the real property located at 1701 Montrose Street, Philadelphia, Pennsylvania 19146 (hereinafter "the Property").

This action arises from a fraudulent deed recorded on March 6, 2020, transferring title of the Property to Defendant Joseph Purul through impersonation, falsified documents, and the complicity of title company agents — none of whom were authorized to act on behalf of Plaintiffs. Administrative sanctions by the Commonwealth of Pennsylvania confirm the fraudulent nature of this transaction.

### II. PARTIES

### A. Plaintiffs

### 1. Lurube Developers LLC

> Lurube Developers LLC is a Pennsylvania limited liability company with its principal office located at 919 S. 17th Street, Philadelphia, PA 19146. Lurube is the legitimate owner of the Property, having purchased it by deed recorded on July 11, 2002. Raymond Johnson is a Member of Lurube Developers LLC.

### 2. Raymond Johnson

Raymond Johnson is an individual and Member of Lurube Developers LLC, residing at 1553 S. 8th Street, Camden, NJ 08104.

### 3. Thomas Clerico and Constance Clerico

Thomas Clerico and Constance Clerico are individuals who hold a mortgage interest in the Property (hereinafter "the Clerico Mortgage"). Their current address is on file with Plaintiffs' counsel. The Clericos never signed a Mortgage Satisfaction, Mortgage Release, or any other document purporting to release their mortgage, yet such documents were fraudulently included in the challenged transaction.

### B. Defendants

### 1. Fidelity National Title Insurance Company

Fidelity National Title Insurance Company is a national title insurance company. It has multiple addresses relevant to this action:

(a) National Headquarters — CEO Michael Nolan: 601 Riverside Avenue, Jacksonville, Florida 32204.

(b) 5540 Centerview Drive, Suite 403, Raleigh, NC 27606 (address to which proceeds from the transaction were transmitted — see attached).

(c) 520 North Christopher Columbus Boulevard, Suite 203, Philadelphia, PA 19123 (local office).

### 2. Surety Title Company, LLC d/b/a Surety Abstract Services, LLC

Surety Title Company, LLC, doing business as Surety Abstract Services, LLC, is a title company with the following addresses:

(a) Corporate Headquarters: 11 Eves Drive, Suite 150, Marlton, NJ 08053.

(b) 107 South 2nd Street, Suite 100A, Philadelphia, PA 19106.

### 3. Joseph Purul

Joseph Purul is an individual who fraudulently obtained title to the Property through the transaction at issue. His address at the time of the fraudulent transaction was 1819 Porter Street, Philadelphia, PA 19145. His possible current address is 4 John Drive, Sewell, NJ 08080.

### 4. Larry Lichtman

Larry Lichtman is an individual who acted as Purul's realtor in connection with the fraudulent transaction and was subsequently cited by the Commonwealth of Pennsylvania for operating as an unlicensed realtor. He is associated with the following addresses:

(a) Home address (as listed on State citation): 1010 Sterling Street, Scranton, PA 18508.

(b) Facility address (as listed on State citation): Realty Xpress LLC, 11 Bala Avenue, Suite 3, Bala Cynwyd, PA 19004.

(c) Address provided at deposition: 1238 South 7th Street, Philadelphia, PA 19147.

**5. Michael Grimes**

Michael Grimes is an individual who acted as notary for Surety Abstract in connection with the fraudulent deed. The Commonwealth of Pennsylvania suspended his notary commission for misconduct related to the notarization of the disputed deed. His address is to be confirmed from existing records.

**6. Melissa Prorock**

Melissa Prorock is an individual who served as an agent of Surety Abstract Services, LLC at the time of the fraudulent transaction. Her address is to be confirmed through discovery.

**7. Melissa Sturgis**

Melissa Sturgis is an individual who served as an agent of Surety Abstract Services, LLC at the time of the fraudulent transaction. Her address is to be confirmed through discovery.

**8. Kenyatta Grant a/k/a New Philly Real Estate 215, LLC**

Kenyatta Grant is an individual who made signatures at closing in connection with the fraudulent transaction. No address for Kenyatta Grant was ever provided on any documents received by Surety Abstract, and no identification was collected from Kenyatta Grant at closing. Kenyatta Grant operated under the name New Philly Real Estate 215, LLC, which has no registration with the Commonwealth of Pennsylvania and is therefore a fictitious entity.

**9. John Does 1-10**

John Does 1-10 are individuals or entities whose identities are presently unknown but who participated in, facilitated, or benefited from the fraudulent scheme described herein. Plaintiffs reserve the right to amend this Complaint to identify these parties upon completion of discovery.

### III. JURISDICTION AND VENUE

1. 1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) in that this action arises under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"), and other federal statutes.

2. 2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) in that Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. 3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Property is located in this District, the fraudulent transaction occurred in this District, and a substantial part of the events giving rise to the claims occurred here.

## IV. THE PROPERTY

4.   The Property at issue is located at 1701 Montrose Street, Philadelphia, Pennsylvania 19146.

5.   Plaintiff Lurube Developers LLC has been the legitimate owner of the Property since July 11, 2002, when title was conveyed by duly recorded deed.

6.   The Property is an undeveloped lot requiring minimal maintenance, with no utilities or ongoing expenses beyond basic property taxes.

7.   The Clerico Mortgage constitutes a valid, unreleased mortgage interest in the Property held by Thomas and Constance Clerico, which was never satisfied, released, or discharged by the Clericos.

## V. FACTUAL ALLEGATIONS

### A. The Fraudulent Transaction

8.   On or about March 6, 2020, a deed was recorded purporting to transfer title to the Property from Lurube Developers LLC to Defendant Joseph Purul.

9.   No authorized member, officer, or agent of Lurube Developers LLC executed, authorized, or consented to this deed.

10. No member, past or present, of Lurube Developers LLC appeared at closing or authorized the transaction.

11.  An impersonator criminally assumed the identity of an authorized member of Lurube Developers LLC for purposes of the closing.

12. The fraudulent transaction included falsified mortgage satisfaction and release documents purporting to extinguish the Clerico Mortgage. Thomas and Constance Clerico did not execute, authorize, or consent to any such documents.

13. Defendant Kenyatta Grant, operating under the fictitious name New Philly Real Estate 215, LLC (an entity with no Pennsylvania state registration), executed signatures at closing. No identification was collected from Kenyatta Grant by Surety Abstract or its agents at closing, in violation of standard title company protocols.

### B. Roles of the Defendants

14. Defendant Joseph Purul selected and directed the use of Surety Abstract Services, LLC as the title company for the transaction and selected Larry Lichtman as his realtor.

15. Defendant Larry Lichtman, acting as Purul's realtor, participated in and facilitated the fraudulent closing while operating without a valid real estate license, as subsequently confirmed by the Commonwealth of Pennsylvania.

16. Defendant Michael Grimes, acting as notary for Surety Abstract, notarized the fraudulent deed and related documents. His notary commission was subsequently suspended by the Commonwealth of Pennsylvania for misconduct specifically related to this transaction.

17. Defendants Melissa Prorock and Melissa Sturgis, acting as agents of Surety Abstract Services, LLC, participated in and facilitated the fraudulent closing and related documentation.

18. Defendant Fidelity National Title Insurance Company issued title insurance in connection with the fraudulent transaction. Proceeds from the transaction were transmitted to Fidelity's Raleigh, North Carolina office at 5540 Centerview Drive, Suite 403.

## C. Discovery of the Fraud and Administrative Actions

19. Lurube Developers LLC commenced a state court action to quiet title on September 15, 2020, in the Court of Common Pleas of Philadelphia County (September Term, 2020, No. 00587).

20. Over three years of discovery, evidence revealed the coordinated nature of the fraud involving Purul, Lichtman, Grimes, Surety Abstract agents, Fidelity National Title, and the use of impersonators.

21. In December 2023, the Commonwealth of Pennsylvania suspended Michael Grimes's notary commission for misconduct related to the notarization of the disputed deed.

22. In January 2024, the Commonwealth of Pennsylvania cited Larry Lichtman for operating as an unlicensed realtor and for misconduct in this specific transaction.

23. The state court action was dismissed for lack of prosecution on May 3, 2024, despite mounting evidence of fraud and ongoing administrative investigations — a ruling that is the subject of separate appellate proceedings.

## VI. CAUSES OF ACTION

## COUNT I — Fraud (All Defendants)

24. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

25. Defendants, individually and in concert, made false representations of material fact, including but not limited to the identities of the parties to the transaction, the authority of those parties, and the validity of the documents executed at closing.

26. Defendants knew these representations were false or acted in reckless disregard of their truth or falsity.

27. Plaintiffs justifiably relied on the integrity of the title recording system and were damaged as a direct result of Defendants' fraud.

28. As a direct and proximate result of Defendants' fraud, Plaintiffs have suffered damages including loss of title to the Property, loss of use and enjoyment of the Property, costs of litigation, and other consequential damages.

## COUNT II — Civil Conspiracy (All Defendants)

29. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

30. Defendants agreed and conspired among themselves to commit the fraudulent acts described herein.

31. Each Defendant committed overt acts in furtherance of the conspiracy, including but not limited to executing fraudulent documents, facilitating the fraudulent closing, and transmitting proceeds of the fraud.

32. As a direct and proximate result of Defendants' conspiracy, Plaintiffs have suffered the damages described herein.

**COUNT III — RICO Violations, 18 U.S.C. §§ 1962(c) and (d) (All Defendants)**

33. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

34. Defendants constitute an "enterprise" within the meaning of 18 U.S.C. § 1961(4), engaged in and affecting interstate commerce.

35. Each Defendant conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, including mail fraud and wire fraud, in violation of 18 U.S.C. § 1962(c).

36. Each Defendant conspired to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

37. 37. As a direct and proximate result of Defendants' RICO violations, Plaintiffs have suffered damages to their business and property and are entitled to treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

**COUNT IV — Quiet Title (All Defendants)**

38. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

39. The deed recorded on March 6, 2020, purporting to transfer title to the Property to Joseph Purul, is void ab initio as it was obtained through fraud, impersonation, and without the knowledge, consent, or authorization of Lurube Developers LLC.

40. Plaintiffs are entitled to a declaration that Lurube Developers LLC holds valid and superior title to the Property and that the March 6, 2020 deed is void and of no legal effect.

**COUNT V — Declaratory and Injunctive Relief (All Defendants)**

41. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

42. Plaintiffs seek a declaration that: (a) the March 6, 2020 deed is void ab initio; (b) Lurube Developers LLC holds valid title to the Property; and (c) the Clerico Mortgage remains a valid, unreleased lien on the Property.

43. Plaintiffs further seek injunctive relief preventing Defendants from making any further conveyances, encumbrances, or claims regarding the Property pending resolution of this action.

## COUNT VI — Unjust Enrichment (Defendant Purul)

44. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

45. Defendant Joseph Purul has been unjustly enriched through his fraudulent acquisition and retention of title to the Property.

46. It would be inequitable and unjust to allow Purul to retain the benefits of his fraudulent conduct at Plaintiffs' expense.

## VII. DAMAGES

47. As a direct and proximate result of Defendants' conduct described herein, Plaintiffs have suffered the following damages:

> (a) The fair market value of the Property, including appreciation from the date of the fraudulent conveyance to present;
>
> (b) Loss of use and enjoyment of the Property since March 6, 2020;
>
> (c) Costs of state court and federal court litigation;
>
> (d) Attorney's fees;
>
> (e) Treble damages pursuant to 18 U.S.C. § 1964(c);
>
> (f) Punitive and exemplary damages; and
>
> (g) Such other and further relief as this Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

48. A. Enter judgment in favor of Plaintiffs and against Defendants on all Counts;

49. B. Declare the March 6, 2020 deed void ab initio and of no legal effect;

50. C. Declare that Lurube Developers LLC holds valid and superior title to the Property;

51. D. Declare that the Clerico Mortgage is a valid, unreleased lien on the Property;

52. E. Issue injunctive relief preventing further conveyances or encumbrances of the Property;

53. F. Award compensatory damages in an amount to be determined at trial;

54. G. Award treble damages pursuant to RICO;

H. Award punitive damages;

I. Award attorney's fees, costs, and expenses; and

J. Grant such other and further relief as this Court deems just and proper.


Respectfully submitted,


*/s/Christian C. Nduka, Esq.*
**Christian C. Nduka, Esquire**
**1233 St. James Street**
**Philadelphia, PA 19107**
esquire4@verizon.net
*Attorney for Plaintiffs*

## VERIFICATION

I, Raymond Johnson, Member of Lurube Developers LLC, verify that I am authorized to make this Verification on behalf of Plaintiffs and that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 U.S.C. § 1621.

Raymond Johnson

Date: 6 / 19 / 2026

## VERIFICATION

I, Thomas Clerico, verify that I am authorized to make this Verification on behalf of Plaintiffs and that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 U.S.C. § 1621.

Thomas Clerico

Date: JUNE 5, 2026

## VERIFICATION

I, Constance Clerico, verify that I am authorized to make this Verification on behalf of Plaintiffs and that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 U.S.C. § 1621.

_Constance Clerico_
**Constance Clerico**

Date: _June 5, 2026_